Flores v New York City Tr. Auth. (2021 NY Slip Op 05288)





Flores v New York City Tr. Auth.


2021 NY Slip Op 05288


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Index No. 161094/13 Appeal No. 14288 Case No. 2020-03342 

[*1]Jose Luis Flores, Plaintiff-Respondent,
v
New York City Transit Authority et al., Defendants-Appellants, "John Doe" Being a Fictitious Name as the True Name of Said Individual is Presently Unknown, Defendant.


Lawrence Heisler, Brooklyn (Anna J. Ervolina of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered January 24, 2020, upon a jury verdict in favor of plaintiff and against defendant New York City Transit Authority, awarding him $783,000 for past pain and suffering, $1,441,000 over 36.8 years (reduced to 10 years per CPLR 5041[e]) for future pain and suffering, and medical expenses of $1,332,000 over 36.8 years, for a total of $3,556,000, plus interest of $107,677.07 and costs and disbursements of $1,140.00, for a total award of $3,928,265.72, unanimously affirmed, without costs.
Plaintiff Jose Luis Flores, then 37 years old, was allegedly injured when his bicycle was struck by an accordion bus owned and operated by defendant New York City Transit Authority. At trial, plaintiff testified that he was riding his bicycle southbound on Second Avenue, in New York County, in the parking lane to the right of the roadway. According to plaintiff, the bus was in the lane directly to plaintiff's left, which was separated from the parking lane by a white line. Plaintiff testified that the bus suddenly went "too fast" and overtook and passed plaintiff, who was still in the parking lane. Plaintiff stated that the bus veered into the parking lane and the rear portion of the bus struck his bicycle. According to plaintiff, the bus continued on its way and stopped at the bus stop on East 75th Street. At no time did plaintiff hear the bus honk its horn. Defendant's bus driver testified that he did not see plaintiff or hear anything.
The court providently exercised its discretion in precluding the testimony of the bus driver concerning certain custom and practice when overtaking or passing a bicyclist. Proof of a deliberate repetitive practice by one in complete control of the circumstance is probative and is admissible (see Halloran v Virginia Chems., 41 NY2d 386, 392 [1977]). However, where, as in this case, the bus driver was admittedly not in control of all of the circumstances, testimony as to his custom and practice is not admissible due to the likely variation of the circumstances (id. at 392). Even if Supreme Court erred in precluding the testimony, the error was harmless and unlikely to have affected the verdict.
The award for past and future suffering did not deviate materially from reasonable compensation (see Lopez v City of New York, 192 AD3d 634, 641 [1st Dept 2021]). The testimony of plaintiff and his treating doctors showed that he sustained a comminuted fracture of the end of the tibia, painful fractures of his great toe and second metatarsal, a tear in the labrum and in the gluteus medius muscle in his left hip, a tear in the glenoid labrum and in the supraspinatus and infraspinatus tendons of his left shoulder, and a SLAP tear. He underwent two surgeries immediately after the accident and another surgery to his left shoulder at a later time. Plaintiff walked with a cane and testified that he had chronic pain, was depressed, and had received treatment for his mental [*2]health. There was also medical testimony that plaintiff developed traumatic arthritis as a result of the accident. This court has sustained greater awards in similar cases (see Kromah v 2265 Davidson Realty LLC, 169 AD3d 539, 540 [1st Dept 2019]).
The award for future medical expenses was supported by the testimony of one of plaintiff's treating physicians, which the jury was entitled to credit (see Coleman v City of New York, 87 AD3d 401 [1st Dept 2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021